UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Y.H., a minor by and through his next friend H.H., et al.,

                Plaintiffs,

        -against-

MELISSA AVILES-RAMOS, Chancellor of the New York City Department of Education, in her official capacity, et al.,

                Defendants.

No. 25-cv-4217-JPO

---

### Defendants' Memorandum of Law in Support of Motion to Dismiss

---

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

Of Counsel: Nicholas R. Tambone
(212) 356-8767
ntambone@law.nyc.gov

## Table of Contents

Preliminary Statement……………………………………………………………………………1

Statement of Facts………………………………………………………………………………2

       A.    Alleged Facts Regarding Y.H. ……………………………………………………2

       B.    Alleged Facts Regarding Y.P.………………………………………………………3

       C.    Alleged Facts Regarding H.C. ………………………………………………………3

Legal Standard……………………………………………………………………………………3

Argument…………………………………………………………………………………………4

I.    Plaintiffs' Procedural Due Process Claim Should Be Dismissed Because They Failed to Exhaust Their Administrative Remedies………………………………………………4

II.    The Complaint Also Fails to State a Procedural Due Process Claim Because the "Substantial Evidence" Standard Is An Appropriate and Constitutional Standard of Proof in Administrative Hearings……………………………………………………………6

       A.    The "substantial and competent evidence" standard, also known simply as the "substantial evidence" standard, is routinely employed in federal and state administrative decision-making……………………………………………………6

       B.    Plaintiffs are challenging the constitutionality of a New York state statute (State Administrative Procedure Act § 306(1)), and must therefore notify the Office of the New York Attorney General about this lawsuit………………… 11

Conclusion……………………………………………………………………………………… 11

Local Civil Rule 7.1(c) Certification…………………………………………………………… 13

## Table of Authorities

Page(s)

**Cases**

*300 Gramatan Ave. Associates v. State Div. of Human Rights*,
  379 N.E.2d 1183 (N.Y. 1978) ................................................................................. 8, 10

*Agudio v. State Univ. of N.Y.*,
  83 N.Y.S.3d 343 (App. Div. 3d Dep't) ............................................................................ 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................ 4

*Bd. of Educ. v. Comm'r of Educ.*,
  690 N.E.2d 480 (N.Y. 1997) .......................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 3

*Board of Education v. Mills*,
  741 N.Y.S.2d 589 (App. Div. 3d Dep't 2002) ..................................................... *passim*

*Boyle v. Caledonia-Mumford Cent. Sch.*,
  34 N.Y.S.3d 548 (App. Div. 4th Dep't 2016) ................................................................. 6

*Juan C. v. Cortines*,
  679 N.E.2d 1061 (N.Y. 1997) ......................................................................................... 5

*Kelsey v. Sherman*,
  No. 22 CV 1934 (VB), 2024 U.S. Dist. LEXIS 129084, 2024 WL 3498052
  (S.D.N.Y. July 22, 2024) ............................................................................................... 11

*Miller v. United Welfare Fund*,
  72 F.3d 1066 (2d Cir. 1995) ..................................................................................... 8, 10

*Ojo v. Garland*,
  25 F.4th 152 (2d Cir. 2022) ............................................................................................ 7

*Rocker v. Celebrezze*,
  358 F.2d 119 (2d Cir. 1966) ........................................................................................... 9

*W.B. v. Baldwinsville Cent. Sch. Dist.*,
  806 N.Y.S.2d 449 (Sup. Ct. Onondaga Cnty. 2005) ..................................................... 6

*Watergate II Apartments v. Buffalo Sewer Auth.*,
  385 N.E.2d 560 (N.Y. 1978) ........................................................................................... 5

*Wilbur v. Harris*,
   53 F.3d 542 (2d Cir. 1995) ................................................................................................ 4

*Wood v. Strickland*,
   420 U.S. 308 (1975) ..................................................................................................... 10

*Zinermon v. Burch*,
   494 U.S. 113 (1990) .................................................................................................... 4, 5

**Statutes**

42 U.S.C. § 405(b)(1) ........................................................................................................ 10

42 U.S.C. § 1983 ........................................................................................................... 4, 10

N.Y. Educ. Law § 3214(3)(c)(1) ......................................................................................... 5

N.Y. State Administrative Procedure Act § 306(1) ................................................... *passim*

**Other Authorities**

Chancellor's Regulation A-443 .......................................................................................... 5

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 1, 3

N.Y. C.P.L.R. Article 78 ................................................................................................. 5, 6

N.Y. C.P.L.R. § 217(1) ....................................................................................................... 5

N.Y. C.P.L.R. § 1012(b)(1) ................................................................................................ 2

N.Y. C.P.L.R. § 7803(4) ..................................................................................................... 7

## Preliminary Statement

Plaintiffs are three New York City Department of Education public-school students that were given school suspensions of longer than five days after they engaged in three unrelated incidents of misconduct. Each student challenged their suspension and received a hearing in accordance with the school disciplinary procedures provided by law, and despite having an opportunity to introduce evidence and cross-examine witnesses, each student lost their challenge. Plaintiffs contend their procedural due process rights were nonetheless violated because the hearing evidence was judged under a "substantial and competent evidence" standard. The students claim they should not have been suspended because, according to them, "the evidence presented that Plaintiffs did not engage in the alleged infraction was at least as strong as the evidence that they did." Although each Plaintiff had the right to challenge the outcome of the disciplinary hearings in an administrative appeal, each Plaintiff declined to do so.

The Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for two reasons:

*First*, Plaintiffs could have, and should have, appealed the hearing officers' respective determinations sustaining their suspensions, and their failure to do so requires dismissal of the Complaint. Plaintiffs cannot seriously claim they were denied adequate procedural due process when they failed to exercise the due process rights available to them under the law.

*Second*, even assuming the truth of Plaintiffs' allegations, their claim that the application of the "substantial and competent evidence" standard somehow deprived them of procedural due process is meritless. The evidentiary standard is imposed by statute (N.Y. State Administrative Procedure Act § 306(1)), and the same procedural due process

arguments Plaintiffs raise here were squarely rejected in *Board of Education v. Mills*, 741 N.Y.S.2d 589, 591 (App. Div. 3d Dep't 2002). Although Plaintiffs criticize *Mills* and urge the Court to ignore that decision, there is no basis to do so. Moreover, because Plaintiffs are challenging the constitutionality of a state statute, they are required under N.Y. C.P.L.R. § 1012(b)(1) to notify the Office of the New York Attorney General about this lawsuit, and there is no evidence that Plaintiffs served notice on the Attorney General.

Defendants' motion to dismiss should be granted, and the Complaint should be dismissed with prejudice.

## Statement of Facts

### A. Alleged Facts Regarding Y.H.

Y.H., a 13-year-old 8th grade student at I.S. 96 Bay Academy, was suspended during the 2023-2024 school year when he was a 7th grade student at the same school. (ECF No. 1, ¶ 72.) Y.H.'s mother was informed that Y.H. had received a superintendent's suspension, and later received a letter directing Y.H. to attend an alternative learning center ("ALC") pending a June 26, 2024 suspension hearing. (*Id.*, ¶¶ 82-86, 89.) Y.H.'s mother elected not to send Y.H. to the ALC before the hearing. (*Id.*, ¶ 87.)

At the hearing, the school charged Y.H. with "using force against or inflicting or attempting to inflict serious injury against school personnel." (*Id.*, ¶¶ 88-89.) Although Y.H. and his representative maintained that the physical contact with school personnel was accidental and lacked intent, the hearing officer sustained the charge and imposed a 16-day suspension. (*Id.*, ¶¶ 93, 95–96.) Y.H. later enrolled in a summer program and returned to school on time in September 2024. (*Id.*, ¶¶ 98–99.) Y.H. did not appeal the hearing officer's June 28, 2024 determination.

### B.    Alleged Facts Regarding Y.P.

Y.P., a 14-year-old 9th grade student with a disability, was suspended in March 2024 while in 8th grade at I.S. 96 Seth Low Intermediate School (ECF No. 1, ¶¶ 101-02.) Y.P. was charged with possession of a controlled substance (marijuana) and directed to attend an ALC pending an April 9, 2024 suspension hearing. (*Id.*, ¶¶ 110-14.) On April 18, 2024, R.F. was notified that the hearing officer sustained the charge and imposed a 10-day suspension. (*Id.*, ¶¶ 121, 124-25.) Y.P. did not appeal the hearing officer's April 18, 2024 determination.

### C.    Alleged Facts Regarding H.C.

H.C., a 12-year-old 7th grade student with a disability, was suspended in December 2024 while attending Pugsley Preparatory Academy. (ECF No. 1, ¶¶ 130-31.) On December 6, 2024, H.C.'s mother received a letter charging H.C. with acts that constituted a "danger to the health, safety, welfare, and morals" of herself and others at the school, and directing her to attend an ALC. (*Id.*, ¶ 145-46.). H.C.'s mother elected not to send H.C. to the ALC before her December 12, 2024 hearing. (*Id.*, ¶ 146.) The hearing officer sustained the charge and imposed a 17-day suspension. (*Id.*, ¶¶ 156-57.) H.C. did not appeal the hearing officer's December 19, 2024 determination.

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires that the "plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Mere

3

conclusory statements" or "threadbare recitals of the elements of a cause of action" are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Argument

### I. Plaintiffs' Procedural Due Process Claim Should Be Dismissed Because They Failed to Exhaust Their Administrative Remedies

Plaintiffs' failure to exhaust their administrative remedies requires dismissal of their due process claim. Although Plaintiffs admit they each had the right to appeal the results of their suspension hearings (ECF No. 1, ¶ 37), they chose not to appeal. Plaintiffs cannot seriously claim they were denied adequate due process when they failed to exercise the due process rights available to them under the law.

The Complaint's sole unlabeled cause of action asserts a procedural due process claim. (ECF No. 1, ¶ 166 (citing *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) and alleging that Plaintiffs were denied "adequate procedural protections").) A plaintiff asserting a procedural due process claim under 42 U.S.C. § 1983 is obligated to exhaust state administrative remedies before filing a federal lawsuit. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990) ("to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation . . . ."); *Wilbur v. Harris*, 53 F.3d 542, 544 (2d Cir. 1995) ("[Procedural due process] claims do require analysis of state [administrative] remedies because the constitutional violation on which to base a § 1983 claim is not complete until life, liberty, or property is deprived without due process of law.").

For a school suspension of longer than five days, the first step in the administrative process is a fair hearing, also known as a superintendent's suspension hearing, during which

4

both the student and the school district are afforded an opportunity to present evidence and cross-examine witnesses. (ECF No. 1, ¶¶ 22-23.) Chancellor's Regulation A-443 § III.B.3.s;[1] *see* N.Y. Educ. Law § 3214(3)(c)(1). If a student's suspension is sustained for longer than five days after the fair hearing, the next step in the administrative process is an appeal by the student to the Chancellor. (ECF No. 1, ¶ 37.) Chancellor's Regulation A-443 § IV; *see* N.Y. Educ. Law § 3214(3)(c)(1). A student who is still aggrieved after an appeal to the Chancellor has the right to commence a N.Y. C.P.L.R. Article 78 proceeding within the four-month statute of limitations applied by N.Y. C.P.L.R. § 217(1). *See, e.g.*, *Juan C. v. Cortines*, 679 N.E.2d 1061 (N.Y. 1997) (decision by New York Court of Appeals on Article 78 challenge to New York City public school student's suspension following "administrative appeal" to Chancellor).

Despite alleging they were denied procedural due process, Plaintiffs chose not to appeal their respective hearing determinations to the Chancellor. (ECF No. 1, ¶¶ 98-99 (admitting that Y.H. did not appeal, served out the suspension over the summer, and began the next school year on time in September 2024); ¶¶ 125-29 (admitting that Y.P. did not appeal, served out the suspension, and was able to graduate 8th grade on time); ¶¶ 156-62 (admitting that H.C. served out the suspension and did not appeal). Plaintiffs' failure to exhaust their administrative remedies requires dismissal of their procedural due process claim because they failed to use the "procedural safeguards built into the statutory or administrative procedure." *Zinermon*, 494 U.S. at 126.[2]

---

[1] A copy of Chancellor's Regulation A-443 is attached as Tambone Declaration Exhibit 1 and is also available on the DOE's website at www.schools.nyc.gov/docs/default-source/default-document-library/a-443-3-5-04-english.pdf.

[2] *See Watergate II Apartments v. Buffalo Sewer Auth.*, 385 N.E.2d 560, 563 (N.Y. 1978) ("It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before

## II. The Complaint Also Fails to State a Procedural Due Process Claim Because the "Substantial Evidence" Standard Is An Appropriate and Constitutional Standard of Proof in Administrative Hearings

### A. The "substantial and competent evidence" standard, also known simply as the "substantial evidence" standard, is routinely employed in federal and state administrative decision-making

Plaintiffs incorrectly allege in Paragraph 31 of the Complaint that "no standard of proof is established by statute or regulation" with respect to long-term school suspensions. (ECF No. 1, ¶ 31.) On the contrary, as the New York Supreme Court, Appellate Division has held, the standard is supplied by statute: New York State Administrative Procedure Act § 306(1). *Bd. of Educ. v. Mills*, 741 N.Y.S.2d 589, 591 (App. Div. 3d Dep't 2002) ("competent and substantial evidence . . . is the standard imposed by statute"). The phrase "competent and substantial evidence" is commonly shortened to "substantial evidence," and the *Mills* court repeatedly refers to the standard as the "substantial evidence standard." *Id.*

The substantial evidence standard is routinely used in administrative decision-making by federal and state agencies. For instance, as *Mills* held, the specific standard at issue here is derived from New York State Administrative Procedure Act § 306(1), which provides: "No decision, determination or order shall be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with substantial evidence." Similarly, in a N.Y. C.P.L.R. Article 78 proceeding challenging the result of an administrative hearing, the

---

being permitted to litigate in a court of law"); *W.B. v. Baldwinsville Cent. Sch. Dist.*, 806 N.Y.S.2d 449, 449 (Sup. Ct. Onondaga Cnty. 2005) (dismissing lawsuit challenging suspension for entire school year because petitioner failed "to exhaust the administrative remedies available under the Education Law") (citing *Langston v. Iroquois Cent. Sch. Dist.*, 736 N.Y.S.2d 815, 816 (App. Div. 4th Dep't 2002)); *Boyle v. Caledonia-Mumford Cent. Sch.*, 34 N.Y.S.3d 548, 550 (App. Div. 4th Dep't 2016) (federal and state due process rights were "waived" when student's father "opted not to follow through with a hearing and instead enrolled them in another school district").

question before the court is whether the determination was "supported by substantial evidence." N.Y. C.P.L.R. § 7803(4); *see Agudio v. State Univ. of N.Y.,* 83 N.Y.S.3d 343, 345-46 (App. Div. 3d Dep't) (citing C.P.L.R. § 7803(4) and holding, "A college's determination that a student violated its code of conduct will be upheld if supported by substantial evidence in the record").

In the federal context, the "substantial evidence" standard is routinely applied in federal agency decision-making, including in quasi-judicial proceedings, and has been repeatedly approved of by the Second Circuit. *See, e.g., Ojo v. Garland*, 25 F.4th 152, 159-60 (2d Cir. 2022) (in considering an appeal from the Board of Immigration Appeals "we apply the deferential substantial evidence standard of review to the agency's factual findings . . . that is, we uphold the agency's factual findings if they are supported by reasonable, substantial and probative evidence in the record . . . .") (citations and quotation marks omitted).

In *Mills*, "the suspended student and his mother . . . argue[d] that since substantial evidence is the standard used for appellate review of administrative determinations, the standard employed at the hearing should be not less than a preponderance of the evidence." *Mills*, 741 N.Y.S.2d at 590. The Appellate Division rejected that procedural due process argument. *Id.* at 590-91. In Paragraph 31 and Footnote 14 of the Complaint, Plaintiffs acknowledge that in this action, they are rehashing the failed procedural due process argument raised in *Mills*, and they urge this Court to hold that "the [*Mills*] court's analysis erred." (ECF No. 1 at 8, n.14.) Each of Plaintiffs' criticisms of *Mills* are meritless.

***First***, Plaintiffs contend *Mills* was wrongly decided because the court "conflat[ed] the standard imposed by reviewing courts on appeal with that applied by finders of fact." (ECF

7

No. 1 at 8, n.14.) Plaintiffs are incorrect. *Mills* cited the New York Court of Appeals decision in *300 Gramatan Ave. Associates v. State Div. of Human Rights*, 379 N.E.2d 1183 (N.Y. 1978). There, the Court of Appeals held that "substantial evidence," "a term of art as related to administrative decision making," "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt." *Id.* at 1186-87.

This description, while applicable in an appellate context, also plainly applies to the standard of review of an administrative fact finder, particularly because the Court of Appeals highlighted the standard in the context of "administrative decision making." The Second Circuit has similarly described the "substantial evidence" standard in ERISA proceedings as follows: "Substantial evidence . . . 'is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker and] . . . requires more than a scintilla but less than a preponderance.'" *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) (quoting *Sandoval v. Aetna Life & Casualty Ins. Co.*, 967 F.2d 377, 382 (10th Cir. 1992)).

***Second***, Plaintiffs contend *Mills* was wrongly decided because the court "[found] that the standard is 'imposed by statute' in reference to the [New York State Administrative Procedure Act, when the Act merely references it as an available option in administrative proceedings." (ECF No. 1 at 8, n.14.) Again, Plaintiffs are wrong. Section 306(1) of the State Administrative Procedure Act provides, "No decision, determination or order shall be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with substantial

8

evidence." Nothing about this language is discretionary, and the statute does not merely "reference" the concept of "substantial evidence" "as an available option." Instead, the statute states in mandatory terms that "No decision, determination or order *shall* be made except . . . as supported by and in accordance with substantial evidence." (Emphasis added).

***Third***, Plaintiffs contend *Mills* was wrongly decided because the court "[found] that school discipline hearings fail the 'stigma plus' test, a test wholly inapplicable in this context given the clear property interests students have in their education." (ECF No. 1 at 8, n.14.) But *Mills* acknowledged—and the parties to that case agreed—that students have "property and liberty interests worthy of protection," so the students' property interests in their education was never a question in the case. That *Mills* went further and applied a legal test that Plaintiffs consider irrelevant is hardly a basis to disregard its holding.

***Fourth***, Plaintiffs contend *Mills* was wrongly decided because the court "conclud[ed], without engaging in any meaningful *Mathews v. Eldrige* balancing analysis, that the 'use of the competent and substantial evidence standard [does not risk] an erroneous deprivation of the student's liberty and property interests.'" (ECF No. 1 at 8, n.14.) Rather, *Mills* properly recited and considered the factors to be considered under *Mathews* and ultimately held that adherence to the "substantial evidence" standard, as articulated by the New York Court of Appeals, "assures protection of a student's constitutionally protected interests in a suspension hearing." *Mills*, 741 N.Y.S.2d at 591. *Mills* reiterated that the New York Court of Appeals has held that "the burden of proof and evidentiary rules imposed in a school disciplinary proceeding are not as stringent as in a formal trial." *Bd. of Educ. v. Comm'r of Educ.*, 690 N.E.2d 480, 484 (N.Y. 1997). The Second Circuit has reached a similar holding. *See, e.g.*, *Rocker v. Celebrezze*, 358 F.2d 119, 122 (2d Cir. 1966) ("[T]he rules governing the

9

admission of evidence in administrative proceedings are considerably more relaxed. Consequently, hearsay is generally admissible if reliable and may be given such probative force as is warranted."); *see also* 42 U.S.C. § 405(b)(1) ("Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure.").

In sum, Plaintiffs' primary contention here is that anything less than a "preponderance of the evidence" standard "effectively shifts the burden to students to prove that they did not engage in the alleged misconduct." (ECF No. 1, ¶ 1.) That contention is incorrect. The standard is derived directly from a New York state statute (State Administrative Procedure Act § 306(1)), and the New York Court of Appeals has defined "substantial evidence" as "More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt." *300 Gramatan Ave. Associates*, 379 N.E.2d at 1186-87. The Second Circuit has similarly defined "substantial evidence" as "such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker and] . . . requires more than a scintilla but less than a preponderance.'" *Miller*, 72 F.3d at 1072.

The Supreme Court held in 1975 that "§ 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings . . . ." *Wood v. Strickland*, 420 U.S. 308, 326 (1975). There is no basis to hold that the New York statutory standard of proof for school disciplinary hearings constitutes a violation of students' procedural due process rights, especially because these Plaintiffs admit they did not exercise all their due process rights.

**B.    Plaintiffs are challenging the constitutionality of a New York state statute (State Administrative Procedure Act § 306(1)), and must therefore notify the Office of the New York Attorney General about this lawsuit**

"Under New York law, if a party challenges the constitutionality of a state statute in an action to which the state is not a party, a court may not consider the challenge unless the Attorney General is 'notified and permitted to intervene' in defense of the statute." *Kelsey v. Sherman*, No. 22 CV 1934 (VB), 2024 U.S. Dist. LEXIS 129084, at *6, 2024 WL 3498052 (S.D.N.Y. July 22, 2024) (quoting N.Y. C.P.L.R. § 1012(b)(1), (3)). Here, Plaintiff is challenging the constitutionality of the "substantial evidence" standard of proof provided by a state statute, State Administrative Procedure Act § 306(1). There is no evidence in the record that Plaintiffs served the Complaint on the Office of the New York Attorney General. Before any further litigation in this action, Plaintiffs should be required to serve a copy of the Complaint on the New York Attorney General, and the Attorney General should, if she so desires, be permitted to intervene in this action in defense of the statute.

## Conclusion

Defendants' motion to dismiss should be granted. Plaintiffs failed to exhaust their administrative remedies and should not be heard to complain that they were deprived of due process. At any rate, even assuming the truth of Plaintiffs' allegations, Plaintiffs fail to state a claim upon which relief may be granted because the "substantial evidence" standard contains adequate procedural safeguards.

| | |
|---|---|
| Dated: New York, New York<br>August 12, 2025 | **MURIEL GOODE-TRUFANT**<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants*<br><br>By: /s/ Nicholas R. Tambone<br>    Nicholas R. Tambone<br>    Assistant Corporation Counsel<br>100 Church Street<br>New York, NY 10007<br>Tel. (212) 356-8767<br>ntambone@law.nyc.gov |

**Local Civil Rule 7.1(c) Certification**

    I, Nicholas R. Tambone, certify that this memorandum of law complies with the word count limitations set forth in Local Civil Rule 7.1(c). Excluding the caption, any index, table of contents, table of authorities, signature blocks, and any required certificates, this memorandum of law contains 3,329 words, according to the word count of the word-processing program used to prepare the document.

Dated: New York, New York  
       August 12, 2025

/s/ Nicholas R. Tambone  
Nicholas R. Tambone  
Assistant Corporation Counsel